DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

## SETTLEMENT AGREEMENT

This Settlement Agreement, dated as of August 26, 2020, is made and entered into by and among the following Settling Parties (as defined below): (i) Jessie Serrano, on her own behalf and on behalf of Jozef Mangual Serrano, a minor, (collectively, the "Representative Plaintiffs"), and on behalf of the Settlement Class (as defined below), by and through Bobby Saadian, Justin F. Marquez, Thiago M. Coelho, and Robert J. Dart of Wilshire Law Firm, PLC and David C. Indiano and Jeffrey C. Williams of Indiano & Williams, P.S.C. (together, "Class Counsel"); and (ii) Inmediata Corp., Inmediata Health Group Corp. (collectively, "Inmediata" or "Defendants"), by and through its counsel of record, lead counsel Jon Kardassakis of Lewis Brisbois Bisgaard & Smith LLP. The Settlement Agreement is subject to Court approval and is intended by the Settling Parties as a claims made class actions settlement to resolve, discharge, and settle fully, finally, and forever the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## RECITALS

*Whereas*, Inmediata operate a medical clearinghouse which forwards claims information from healthcare providers to insurance payers, and also provides other information solutions to dental and medical providers and insurers;

*Whereas*, in January 2019, Inmediata became aware that some electronic health information was potentially viewable online due to a webpage setting that permitted search engines to index internal webpages that are used for business operations (the "Security Incident").





*Whereas*, immediately after Inmediata became aware of the incident, Inmediata deactivated the website and engaged an independent digital forensics firm to assist with an investigation.

*Whereas*, Representative Plaintiffs and Inmediata have no evidence that any files were actually viewed by an unauthorized person, copied, or saved and have not discovered any evidence to suggest that any information  potentially involved in this incident has been subject to actual or attempted misuse.

*Whereas*, the Department of Health and Human Services has reported that 1,565,338 patients were potentially impacted by the Security Incident;

*Whereas*, since the time the Security Incident was first discovered, Inmediata worked

4826-0596-9090.1

1

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

closely with cybersecurity professionals and federal law enforcement officials to identify the scope of the Security Incident and to remediate Inmediata's computer network systems;

*Whereas*, although Representative Plaintiffs and Inmediata are unaware of any actual misuse of any electronic health information as a result of the Security Incident, on April 22, 2019 Inmediata publicly announced the Security Incident and began mailing notification letters to potentially affected individuals advising that the information potentially involved in this incident may include some patients' names, addresses, dates of birth, gender, and medical claim information and a very small group of the potentially impacted people may have Social Security numbers involved as well.

*Whereas*, following public disclosure of the Security Incident, the Representative Plaintiffs filed this lawsuit on August 28, 2019 in the U.S. District Court for the District of Puerto Rico, captioned *Jessie Seranno et al. v. Inmediata Corp., et al.*, case no. 3:19-cv-01811 (the "Litigation");

*Whereas*, over the course of numerous months the Settling Parties engaged in extensive and arm's length settlement negotiations, including a formal mediation with the aid of the Honorable Daniel Wathen (Ret.) on July 31, 2020, as well as numerous informal discussions, and reached a preliminary agreement on terms for a nationwide class action settlement;

*Whereas*, this Settlement Agreement sets forth the final understanding of the Settling Parties regarding the settlement of the Litigation against Inmediata over the Security Incident;

*Whereas*, pursuant to these terms, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted against Inmediata and the Released Persons relating to the Security Incident, by and on behalf of the Representative Plaintiffs and Settlement Class Members, including any and all appellate rights, against Inmediata relating to the Security Incident (collectively, the "Litigation");



NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Representative Plaintiffs, individually and on behalf of the Settlement Class, Class Counsel, and Inmediata that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and Judgment shall be entered binding the Representative Plaintiffs, all Settlement Class members and Inmediata, except those members of the Settlement Class who properly opt out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

4826-0596-8090.1

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

1.   **DEFINITIONS.**

As used anywhere in the Settlement Agreement, including the Recitals, the following terms have the meanings specified below:

**1.1**   "Administration Expenses" means any and all reasonable fees, costs, and charges incurred, charged, or invoiced by the Settlement Administrator relating to the administration and notice of the Settlement, including but not limited to: (i) the reasonable costs and expenses that are associated with disseminating the notice to the Settlement Class, including, but not limited to, the Class Notice and the performance of the Notice Plan; (ii) the reasonable costs and expenses that are associated with the maintenance of the Qualified Settlement Fund as provided in this Agreement; (iii) the payment of Taxes, if any; and (iv) the reasonable costs and expenses of reviewing Claims and distributing the Qualified Settlement Fund to Settlement Class Members.

**1.2**   "Agreement" or "Settlement Agreement" or "Settlement" means this Settlement Agreement and the settlement embodied herein, including all attached Exhibits (which are an integral part of this Settlement Agreement and Release and are incorporated in their entirety by reference), including all subsequent written amendments executed by the Settling Parties and including exhibits to such amendments.

**1.3**   "Approved Claim" means a Claim in an amount approved by the Settlement Administrator, as set forth in this Agreement.




**1.4**   "Claim Form" means the form made available to Settlement Class Members substantially in the form of Exhibit D hereto. The Claim Form must be submitted physically (via U.S. Mail) or electronically (via the Settlement Website) by Settlement Class Members who wish to file a Claim for their given share of the settlement benefits pursuant to the terms and conditions of this Agreement. The Claim Form shall be available for download and online submission on the Settlement Website and available in hard copy form upon written or telephonic request. The Claim Form may be utilized to submit a Claim for all benefits available to Settlement Class Members pursuant to this Agreement.

**1.5**   "Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

**1.6**   "Claims Deadline" means the submission deadline for valid Claims pursuant to 4.4.

4826-0596-8099.1

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

1.7   "Claims Period" means the period of time during which Settlement Class Members may submit Claims Forms to receive their given share of the Qualified Settlement Fund and shall commence on the Notice Date and shall end on the date sixty (60) days thereafter.

1.8   "Class Counsel" means Bobby Saadian, Justin F. Marquez, Thiago M. Coelho, and Robert J. Dart of Wilshire Law Firm, PLC and David C. Indiano and Jeffrey C. Williams of Indiano & Williams, P.S.C.

1.9   "Class Notice" means the notice provided to the Settlement Class of the class action status and proposed settlement of the Litigation, as set forth in this Agreement.

1.10   "Web Watcher Services" means the services to be provided by Kroll to Settlement Class Members who enroll for this service, as further set forth in ¶ 3.4 of this Agreement.

1.11   "Effective Date" means the first date by which all events and conditions specified in ¶ 11.1 herein have occurred and been met.

1.12   "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Final Approval Order and Judgment (as that term is defined herein); and (iii) the time to appeal from the Final Approval Order and Judgment has expired with no appeal having been filed or, if appealed, the appeal has been dismissed in its entirety, or the Final Approval Order and Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or incentive award made in this case shall not affect whether the Final Approval Order and Judgment is "Final" as defined herein or any other aspect of the Final Approval Order and Judgment.




1.13   "Final Approval Order and Judgment" means an order and judgment that the Court enters in this Litigation after the Final Fairness Hearing, which finally approves the Settlement Agreement and dismisses the Litigation with prejudice and without material change to a proposed Final Approval Order and Judgment to be agreed-upon by the Settling Parties.

1.14   "Litigation" means this class action captioned *Jessie Seranno et al. v. Immediata Corp., et al.*, case no. 3:19-cv-01811, now pending before the Honorable Jay A. Garcia-

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

Gregory, in the United States District Court for the District of Puerto Rico.

1.15    "Long Form Notice" means the long form notice of settlement, substantially in the form attached hereto as Exhibit B.

1.16    "Net Qualified Settlement Fund" means the amount of funds that remain in the Qualified Settlement Fund after funds are paid from or allocated for payment from the Qualified Settlement Fund for the following: (i) Administration Expenses, (ii) the expenses associated with procuring Web Watcher Services on behalf of the Participating Settlement Class Members, (iii) any service awards approved by the Court, and (iv) any Fee Award and Costs approved by the Court.

1.17    "Notice Date" means sixty (60) days after the Class Notice is first disseminated pursuant to the Notice Plan, either by (i) the publication of the Publication Notice, or (ii) the commencement of mailing of the agreed-upon individual Summary Notice to Settlement Class Members via email for those Settlement Class Members where Inmediata has an existing email address, whichever is earlier.

1.18    "Notice Plan" means the method and process of disseminating the Class Notice and notice of the Settlement as described in ¶ 5.2 herein.



1.19    "Objection Deadline" means the date by which Settlement Class Members must file and postmark all required copies of any written objections, pursuant to the terms and conditions herein, to this Settlement Agreement and to any application or motion for (i) the Fee Award and Costs, or (ii) Service Awards.



1.20    "Opt-Out Date" means the date by which Settlement Class Members must mail their requests to be excluded from the Settlement Class in order for that request to be effective. The postmark date shall be the date of mailing for these purposes.

1.21    "Opt-Out Period" means the period of time between the publication of the Publication Notice and Opt-Out Date.

1.22    "Participating Settlement Class Member" means a Settlement Class Member who submits an Approved Claim for their given share of the settlement benefits pursuant to the terms and conditions of this Agreement.

1.23    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint-stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A8D

agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, agents, and/or assignees.

1.24    "Personal Information" means confidential information, including name, date of birth, mailing address, telephone number, email address, Social Security number, member identification number, medical claim information, financial information, or any other protected health information as defined by the Health Insurance Portability and Accountability Act of 1996.

1.25    "Plaintiffs' Counsel" means Class Counsel and the other attorneys who have represented plaintiffs in the Litigation.

1.26    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class, as described in ¶ 5.1. The Settling Parties' proposed form of Preliminary Approval Order is attached as Exhibit E.

1.27    "Publication Notice" means the print or email notice substantially in the form attached hereto as Exhibit C.



1.28    "Reasonable Documentation" means documentation supporting a Claim for Out-of-Pocket Losses, including, but not limited to, credit card statements, bank statements, invoices, telephone records, and receipts. Out-of-Pocket Losses cannot be documented solely by a personal certification, declaration, or affidavit from the Claimant; a Settlement Class Member must provide supporting documentation, except as provided in ¶ 3.2.3.



1.29    "Related Entities" means Inmediata's past or present parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of Inmediata's and these entities' respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions related to the Security Incident in the Litigation, other than any individual who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

1.30    "Released Claims" shall collectively mean any and all claims and causes of action based on, relating to, concerning, or arising out of the Security Incident and alleged

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

potential unauthorized access to Personal Information or the allegations, facts, or circumstances described in the Litigation, including: negligence; negligence per se; breach of contract; breach of implied contract; breach of covenant of good faith and fair dealing; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; failure to provide adequate notice pursuant to any breach notification statute or common law duty; statutory claims including, but not limited to, any claim for violation of California's Confidentiality of Medical Information Act, Cal. Civil Code § 56 *et seq.*, California's Consumer Privacy Act, Cal. Civil Code § 1798.100 *et seq.*, California's Consumer Records Act, Cal. Civil Code § 1798.82 *et seq.*, Minnesota's Health Records Act, Minn. Stat. § 144.291 *et seq.*, any claim for violation of California's Constitutional right of privacy, Cal. Constitution, Art. 1, § 1, similar statutory claims made under the laws of any other state, and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, web watcher services, identity theft protection, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by or on behalf of any Representative Plaintiff or Settlement Class Member against any of the Released Persons.  Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the Claims of Settlement Class Members who have timely and properly opted out of the Settlement Agreement and thus excluded themselves from the Settlement Class.  The Released Claims do not include claims against any person who accessed without authorization the information involved in the Security Incident and persons or entities, if any, that intentionally misuse the Personal Information potentially accessed in the Security Incident for unlawful purposes.




     **1.31**    "Released Persons" means Inmediata Corp., Inmediata Health Group Corp., and their Related Entities.

     **1.32**    "Representative Plaintiffs" means: Jessie Serrano, on her own behalf and on behalf of Jozef Mangual Serrano, a minor.

     **1.33**    "Security Incident" means the incident that allowed some electronic health

4826-0596-8090.1

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

information to be potentially viewable online due to a webpage setting that permitted search engines to potentially index internal webpages that are used for business operations (the "Security Incident").

1.34   "Settlement Administration" means the processing and payment of Claims received from Settlement Class Members by the Settlement Administrator.

1.35   "Settlement Administrator" means, an experienced class action settlement and claims administrator generally, and specifically those of the type provided for and made in data breach litigation, subject to agreement of the Settling Parties and Court approval. The Settling Parties agree to recommend that the Court appoint ILYM Group as the Settlement Administrator.

1.36   "Settlement Class" means: All persons in the United States whose Personal Information was potentially compromised as a result of the Security Incident discovered by Inmediata Corp. and/or Inmediata Health Group Corp. in January 2019. Excluded from the Settlement Class are: (1) the Judge presiding over the Action, and members of his family; (2) Inmediata, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; (3) Persons who properly execute and submit a request for exclusion prior to the expiration of the Opt-Out Period; (4) Persons who, as of the date the Court enters an Order granting Preliminary Approval of the settlement, have brought on their own behalf suit filed in their own name (either in *pro per* or through counsel) and have pending any lawsuits, arbitrations or administrative claims against any Defendant; and (5) the successors or assigns of any such excluded Persons.




1.37   "Settlement Class List" means the list generated by Inmediata that was used to send notification letters to the potentially affected individuals beginning on or about April 22, 2019, containing the last known name and mailing address for those persons that fall within the definition of the Settlement Class, which Inmediata will provide to the Settlement Administrator no later than thirty (30) days following the date of the Preliminary Approval Order.

1.38   "Settlement Class Member(s)" means a Person(s) who falls within the definition of the Settlement Class and who does not submit a timely and valid request for exclusion from the Settlement pursuant to ¶ 6.1 of this Settlement Agreement.

4826-0596-0090.1

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

1.39    "Settling Parties" means, collectively, Inmediata and the Representative Plaintiffs, individually and on behalf of the Settlement Class.

1.40    "Summary Notice" means the summary notice of the proposed class action settlement, substantially in the form attached hereto as Exhibit A. The Summary Notice which will direct recipients to the Settlement Website and inform Settlement Class Members, inter alia, of the Claims Deadline, the Opt-Out Date and Objection Deadline, and the date of the Final Fairness Hearing. The Summary Notice will include information which Settlement Class Members may utilize to submit a Claim for the settlement benefits set forth in ¶¶ 4.4–4.6.

1.41    "United States" as used in this Settlement Agreement includes the fifty states, the District of Columbia, Puerto Rico, and all United States territories.

## II.   REQUIRED EVENTS AND COOPERATION BY PARTIES.

2.1    For purposes of this Settlement Agreement and the proceedings contemplated herein, the Settling Parties stipulate and agree that the Representative Plaintiffs shall be appointed to represent the Settlement Class and Class Counsel shall be appointed to represent the Settlement Class.



2.2    Class Counsel shall submit this Settlement Agreement to the Court and shall move the Court to enter the Preliminary Approval Order, in the form attached as Exhibit E.

2.3    The Settling Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish all requirements of this Agreement on the schedule set by the Court and subject to the terms of this Settlement.



2.4    If the Settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, the certification of the Settlement Class provided for herein, the appointment of Class Representatives, and the appointment of Class Counsel will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, no Class Representative and no Class Counsel had ever been appointed and without prejudice to any Person's or Settling Party's position. The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

2.5    The Settlement Administrator shall provide notice of the Settlement to

4876-0596-8090.1

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

appropriate state and federal officials pursuant to 28 U.S.C. § 1715 ("CAFA Notice"), and no party shall request that an order giving final approval of the settlement be issued prior to the expiration of the time set forth in 28 U.S.C. § 1715(d).

**2.6**    Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Fairness Hearing; within a reasonable time after the Objection Deadline and Opt-Out Period, and at least thirty (30) days after the Settlement Administrator or Defendants execute CAFA Notice.

## III.   THE SETTLEMENT.

**3.1**    In consideration for the entry of Judgment in accord with the terms of this Settlement Agreement including but not limited to the Release of Claims provided in this agreement, Inmediata agrees to pay into a Settlement Fund up to a maximum of One Million One Hundred Twenty Five Thousand Dollars ($1,125,000.00) to resolve the Lawsuit and the Released Claims. As provided in this Settlement Agreement, and subject to Court approval, the Settlement Fund will be used to:



(1)    pay all Administration Expenses;

(2)    pay the cost of Kroll's Web Watcher Services for Settlement Class Members who enroll;

(3)    pay approved claims to Settlement Class Members;

(4)    pay Incentive Awards to Representative Plaintiffs as approved by the Court, up to a maximum of Two Thousand Dollars ($2,000.00) for each of the two Representative Plaintiffs; and



(5)    pay attorneys' fees and costs for Class Counsel as approved by the Court.

The Parties anticipate that One Million One Hundred Twenty Five Thousand Dollars ($1,125,000.00) will be sufficient to accomplish these goals. If it develops that there are insufficient funds, the following priorities shall apply:

(1) All Administration Expenses shall be paid in full as a first priority.

(2) Second, the cost of Web Watcher Services for Settlement Class Members who enroll shall be paid as a second priority.

(3) Third, all approved claims for Settlement Class Members will be paid as a third priority. In the highly unlikely event that this will exceed the available funds, approved claims will be paid on a pro-rated basis.

4826-0596-8090.1

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

(4) Fourth, only after all approved Claims for Settlement Class Members are paid, remaining funds will be used to pay Incentive Awards approved by the Court to the two Representative Plaintiffs. This will be paid as a fourth priority.

(5) Finally, remaining funds will be used to pay attorneys' fees and costs for Class Counsel as approved by the Court.

(6) The Parties estimate that there is the equivalent of up to a $14 million total benefit to the Settlement Class in that the retail value of Kroll's Web Watcher identity theft service is estimated to be approximately $47 per year, per person, which is also equivalent to $3.92 per month for each person. Accordingly, for valuation purposes each valid claim may be evaluated as a $47 charge on the up to $14 million estimated cap.



Under no circumstances will Inmediata be obligated to pay more than a maximum of One Million One Hundred Twenty Five Thousand Dollars ($1,125,000.00) to resolve the Lawsuit and the Released Claims.



3.2     After paying all Administration Expenses and the cost of Web Watcher Services for all Settlement Class Members who enroll for that service, the Settlement Fund will be used to pay approved claims for Settlement Class Members who submit valid claims with reasonable documentation as follows: (1) reimbursement of verified unreimbursed out-of-pocket costs or expenses actually incurred that are plausibly traceable to the Data Security Incident (such as unreimbursed losses or charges due to identity theft, freezing or unfreezing of credit, credit monitoring costs and documented lost time spent responding to the Data Security Incident at the rate of fifteen dollars per hour for a maximum of three hours) and verified through documentation, up to a maximum of $2,500 for each claim for the aggregate of all verified unreimbursed costs or expenses per person; (2) additional payments to Settlement Class Members who are California residents, up to an additional $50 per person, as compensation under the California Confidentiality of Medical Information Act ("CMIA") for each Settlement Class Member who can provide reasonable documentation to demonstrate that his or her medical information (as defined by Cal. Civil Code § 56.05(j)) was actually viewed by an unauthorized person; and (3) a one-year subscription for Kroll's Web Watcher service for those Settlement Class Members who enroll for this service.

3.3     **Reimbursement for Out-of-Pocket Losses:**

4826-0596-8090.1

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

3.2.1    After the payment of all Administration Expenses and the cost of Kroll's Web Watcher Services for those Settlement Class Members who choose to enroll, the Settlement Administrator will use the remaining Net Qualified Settlement Fund to compensate those Settlement Class Members who submit valid Claims for Out-of-Pocket Losses (as defined below) that are plausibly traceable to the Security Incident. Individual Out-of-Pocket Claimants will be subject to an overall Claims cap of Two Thousand Five Hundred Dollars and No Cents ($2,500.00).

3.2.2    "Out-of-Pocket Losses" are verifiable unreimbursed costs or expenditures that a Settlement Class Member actually incurred and that are plausibly traceable to the Security Incident. Out-of-Pocket Losses may include, without limitation, the following, subject to the provisions of ¶ 4.2:



a)    unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, health insurance fraud, falsified tax returns, or other documented misuse of Settlement Class Members' Personal Information;

b)    costs incurred on or after January 1, 2019, associated with freezing or unfreezing credit with any credit reporting agency;

c)    other miscellaneous expenses incurred related to any Out-Of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges;



d)    credit monitoring costs that were incurred on or after January 1, 2019, through the date of the Settlement Class Member's Claim submission; and

e)    hours for time spent taking actions intended to remedy fraud, identity theft, or other misuse of a Settlement Class Member's Personal Information that is plausibly traceable to the Security Incident.

3.2.3    Settlement Class Members with Out-of-Pocket Losses must submit Reasonable Documentation supporting their Claims, with the exception that Settlement Class Members claiming Out-of-Pocket losses for time under ¶ 4.3.2(e) can receive reimbursement for such time expenditures subject to the following provisions:

a)    Settlement Class Members may submit a Claim for up to three (3) hours of time under ¶ 4.3.2(e) to be compensated at Fifteen Dollars and No Cents ($15.00) per hour, subject to the overall cap in ¶ 4.3.1, provided the Settlement Class Members can provide Reasonable Documentation related to the time they spent remedying the issues

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

described in ¶ 4.3.2.

b)        Settlement Class Members with Reasonable Documentation of a fraud, identity theft, or other alleged misuse of the Settlement Class Member's Personal Information plausibly traceable to the Security Incident, but who do not provide Reasonable Documentation related to their lost time may self-certify the amount of time they spent remedying the foregoing and file a Claim for up to three (3) hours at Fifteen Dollars and No Cents ($15.00) per hour.

### 3.4    California Confidentially of Medical Information Act Additional Payment:

3.3.1    All Settlement Class Members who, as of January 1, 2019, resided in California and who received notice from Inmediata that their information may have been accessed in the Security Incident may submit Claims for additional compensation of up to Fifty Dollars and No Cents ($50.00) ("California Settlement Payments") under the California Confidentiality of Medical Information Act ("CMIA"), Cal. Civil Code § 56 *et seq*. These claims will be approved for this additional payment only to Settlement Class Members who provide reasonable documentation that he or she is a California resident and provide reasonable documentation to demonstrate that his or her medical information (as defined by Cal. Civil Code § 56.05(j)) was actually viewed by an unauthorized person. If the settlement payments for compensation under this and other provisions exceed the overall Net Qualified Settlement Fund, then all approved claims, including California Settlement Payments shall be distributed *pro rata*.

Web Watcher Services:

3.4.1    All Settlement Class Members will be eligible to enroll in one year of Kroll's Web Watcher Services. Kroll describes this Web Watcher Service as follows: "Web Watcher monitors thousands of identity trading websites, chat rooms, forums and networks across the globe for personal information, looking for matches of SSN, credit/debit card numbers, emails, phone numbers, bank account and routing numbers, medical ID numbers, and other data points. Impacted consumers can choose which information they want to have monitored by entering it on the website. Impacted customers can enter up to 10 unique identifiers to be monitored, and an alert will be generated if evidence of the individual's personal identity information is found."

3.4.2    Settlement Class Members seeking to enroll in the free Web Watcher Services offered under this Agreement must submit a Claim Form seeking to be enrolled in the

4826-0596 8090.1




DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

service and provide a valid email address for enrollment.

**IV.    SETTLEMENT ADMINISTRATION.**

        **4.1**    A Settlement Administrator shall be selected by the Settling Parties, subject to Court Approval. The Settling Parties agree to recommend that the Court appoint ILYM Group as the Settlement Administrator, subject to the Court's approval. The Settlement Administrator shall be responsible for administrative tasks, which shall include, without limitation, (a) arranging for distribution of the Class Notice and Claim Form to Settlement Class Members; (b) making any mailings to Settlement Class Members required under this Agreement; (c) forwarding written inquiries from Settlement Class Members to Class Counsel or their designee; (d) establishing and maintaining the Settlement Website, subject to review and approval by the Settling Parties; (e) qualifying Claims submitted by Settlement Class Members; (f) distributing cash payments to Settlement Class Members; (g) assisting Settlement Class Members in enrolling in Web Watcher Services; (h) providing notice of the Settlement to appropriate state and federal officials as required by federal law including pursuant to 28 U.S.C. § 1715 (CAFA Notice) and (i) otherwise assisting with implementing and administering this Agreement.



        **4.2**    The Settlement Administrator shall make all reasonable efforts to administer the Settlement efficiently and to minimize and to avoid unnecessary Administration Expenses. The Settlement Administrator shall provide a detailed written accounting of all Administration Expenses on a regular basis to Class Counsel and Defendants' counsel, and shall respond promptly to inquiries by any of them with respect to this Agreement and the Settlement.



        **4.3**    The Settlement Administrator shall administer and calculate the Claims submitted by Settlement Class Members under the terms described in Section III - Settlement Benefits. Class Counsel and Inmediata shall be given reports as to both Claims and distribution and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. The Settlement Administrator's determination of the validity or invalidity of any such Claims shall be binding, subject to the dispute resolution process set forth in Section IV - Settlement Administration.

        **4.4**    In the event this Settlement Agreement receives final approval from the Court and is incorporated into a final Judgement resolving all claims, all Administration Expenses will be funded by Inmediata as provided in section 3.1 above. If, however, for any reason this Settlement Agreement does not receive final approval from the Court and is not incorporated into a final

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

Judgment resolving all claims, then in the event the Administration Expenses incurred will be shared with fifty percent (50%) paid by Immediata and fifty percent (50%) paid by Class Counsel (Bobby Saadian, Justin F. Marquez, Thiago M. Coelho, and Robert J. Dart of Wilshire Law Firm, PLC and David C. Indiano and Jeffrey C. Williams of Indiano & Williams, P.S.C.).

**4.5   Submission of Claims.**

4.5.1   Settlement Class Members may submit electronically verified Claim Forms and any documentation to the Settlement Administrator through the Settlement Website or may download Claim Forms to be filled out and submitted physically with documentation by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline.

4.5.2   The Settlement Administrator will review Claim Forms submitted by Settlement Class Members to determine whether they are eligible for settlement payment.

a)   The Settlement Administrator shall evaluate Claims for Out-of-Pocket Losses and determine whether the Claims are valid and plausibly traceable to the Security Incident. Out-of-Pocket Losses shall be deemed plausibly traceable to the Security Incident if (i) they were incurred on or after January 1, 2019, through the date of the Settlement Class Member's Claim submission; (ii) the Settlement Class Member certifies that they incurred such Out-of-Pocket Losses as a result of the Security Incident; and (iii) the Settlement Class Member has Reasonable Documentation to support the Claims.




4.5.3   The Settlement Administrator shall reject any Claim Forms that are incomplete, inaccurate, or not timely received, and is not required to, but may first request additional information. To the extent the Settlement Administrator determines a Claim for Out-of-Pocket Losses is deficient, within ten (10) days of making such a determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and give the Settlement Class Member thirty (30) days to cure the deficiencies. The Settlement Administrator shall have the sole discretion and authority to determine whether the Settlement Class Member has cured the deficient Claim.

4.5.4   Information submitted by Settlement Class Members pursuant to Section IV - Settlement Benefits of this Settlement Agreement shall be deemed confidential and protected as such by the Settling Parties and the Settlement Administrator.

4.6   Settlement Class Members will be provided the option to receive any settlement

4826-0596-8090.1

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

payment due to them pursuant to the terms of this Agreement by check. Initial payments for Approved Claims shall be sent to Participating Settlement Class Members within sixty (60) days of the Effective Date or sixty (60) days after the end of the Claims Period, whichever is latest.

4.7     Claim Forms must be postmarked or submitted electronically via the Settlement Website within sixty (60) days of the Notice Date.

4.8     All Settlement Class Members who fail to submit a Claim for any benefits within the time frames set forth in this Agreement, or within such other period as may be ordered by the Court, shall be forever barred from receiving any payments or benefits pursuant to the Settlement, but will in all other respects be subject to, and bound by, the provisions of the Settlement, the Releases contained herein, and the Final Approval Order and Judgment.

4.9     No Person shall have any claim against the Settlement Administrator, Inmediata, Class Counsel, Plaintiffs' Counsel, Defendants' counsel, and/or the Representative Plaintiffs based on distributions of benefits to Settlement Class Members.



4.10    The Settling Parties and the Settlement Administrator shall keep the Settlement Class List confidential and not use it for any purpose, other than to effectuate the terms of this Agreement.



4.11    **Settlement Administrator's Duties.**

4.11.1   The Settlement Administrator will review Claim Forms submitted by Settlement Class Members to determine whether they are eligible for a settlement payment.

4.11.2   The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner, and calculate settlement payments in accordance with this Agreement.

4.11.3   The Settlement Administrator shall disseminate the Settlement Class Notice as provided for in this Agreement.

4.11.4   The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel, Inmediata, and Defendants' counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel,

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

Immediate, and Defendants' counsel with information concerning notice, administration, and implementation of the Settlement. Without limiting the foregoing, the Settlement Administrator shall:

        **(a)**    Receive Requests for Exclusion from Settlement Class Members and provide Class Counsel and Defendants' counsel a copy thereof no later than five (5) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion or other requests from Settlement Class Members after expiration of the Opt-Out Period, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendants' counsel.

        **(b)**    Provide weekly or other periodic reports to Class Counsel and Defendants' counsel that include, without limitation, reports regarding the number of Claim Forms received, the number of Claim Forms approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected by the Settlement Administrator. The Settlement Administrator shall also, as requested by Class Counsel or Defendants' counsel and from time to time, provide the amounts remaining in the Qualified Settlement Fund.

        **(c)**    Make available for inspection by Class Counsel and Defendants' counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

        **(d)**    Cooperate with any audit by Class Counsel or Defendants' counsel, who shall have the right but not the obligation to review, audit, and evaluate all Claim Forms for accuracy, veracity, completeness, and compliance with the terms and conditions of this Agreement.

    **4.11.5**  The Settlement Administrator shall create the Settlement Website, described in ¶ 5.2.7.

    **4.11.6**  In the reasonable exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to request additional information from the Settling Parties or any Participating Settlement Class Member.

    **4.12**    The Settlement Administrator shall comply with the terms of this Settlement Agreement and shall make all settlement payments contemplated in this Agreement. Payments to Settlement Class Members of approved claims shall be made by check. The Settlement Administrator shall use all reasonable efforts to pay approved claims to Participating Settlement

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

Class Members within sixty (60) days of the Effective Date.

4.13     The Settlement Administrator shall provide notice of the Settlement to appropriate state and federal officials as required by federal law including pursuant to 28 U.S.C. § 1715 (CAFA Notice).

V.     PRELIMINARY APPROVAL AND SETTLEMENT CLASS NOTICE.

5.1     As soon as practicable after the execution of the Settlement Agreement, Class Counsel and Defendants' counsel shall jointly submit this Settlement Agreement to the Court and file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order requesting, *inter alia:*

5.1.1     preliminary approval of the settlement memorialized in this Agreement as being within the range of reasonableness such that notice to the Class should be provided pursuant to this Agreement;

5.1.2     certification the Settlement Class as defined herein for settlement purposes only;

5.1.3     approval of a date for a Final Fairness Hearing;

5.1.4     approval of (i) the Summary Notice to be emailed to Settlement Class Members in a form substantially similar to the one attached hereto as Exhibit A; (ii) the Long Form Notice in a form substantially similar to the one attached hereto as Exhibit B; and (iii) the Publication Notice in a form substantially similar to the one attached hereto as Exhibit C, which together shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt out of the Settlement, the process and instructions for making Claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing;

5.1.5     approval of a Claims Deadline through which Settlement Class Members shall be able to submit to submit valid and completed Claim Forms;

5.1.6     specified dates by which objections shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Fairness Hearing only if, on or before the date(s) specified in the Preliminary Approval Order, such objector submits to the Court a written objection and otherwise complies with the requirements in Section VII-Objection Procedures below;

5.1.7     specified dates by which Class Counsel shall file and serve all papers in




4826-0596-8090.1

18

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

support of the application for final approval of the settlement and by which the Settling Parties shall file and serve all papers in response to any valid and timely objections and by which Class Counsel shall file their motion for fees and expenses as provided in Section X - Service Awards to Representative Plaintiffs; Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses:

5.1.8    that all Settlement Class Members will be bound by the Final Approval Order and Judgment.

5.1.9    that Persons in the Settlement Class wishing to exclude themselves from the Settlement will have until the date specified in the Preliminary Approval Order to submit to the Settlement Administrator a valid written request for exclusion or opt out;

5.1.10   a procedure for Persons in the Settlement Class to object or opt out from the Settlement;

5.1.11   deadlines consistent with this Agreement for e-mailing of notice to the Settlement Class, opting out of or objecting to the settlement, and filing papers in connection with the Final Fairness Hearing;

5.1.12   appointment of Representative Plaintiffs as Settlement Class Representatives and Class Counsel as counsel for the Settlement Class; and



5.1.13   appointment of ILYM Group, Inc. as the Settlement Administrator as jointly agreed to by the Settling Parties.



5.2    Following the entry of the Preliminary Approval Order, the Settlement Administrator shall provide timely Class Notice in the manner and form approved and directed by the Court. It is anticipated that the primary means used for providing notice will be email to all Settlement Class Members for whom the Settlement Administrator is able to develop email addresses, and the Settlement Website. The Class Notice and Claim Form shall be reviewed by the Settlement Administrator and may be revised as agreed upon by the Settling Parties prior to such submission to the Court for approval. Subject to Court approval, the Settling Parties agree that the dissemination of the Class Notice and Claim Form by email notice to all Settlement Class Members for whom the Settlement Administrator is able to develop email addresses, and by publication on the Settlement Website, satisfies the notice requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

5.2.1   As soon as practicable following the entry of the Preliminary Approval Order, but in no event later than thirty (30) days following the date of the Preliminary Approval

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

Order, Inmediata shall make all reasonable efforts to provide the Settlement Class List to the Settlement Administrator. Inmediata represent and warrant the information provided in the Settlement Class List it provides is true and correct to the best of Inmediata's knowledge.

5.2.2    The Settlement Administrator shall perform any further investigations deemed appropriate by the Settlement Administrator, including using the National Change of Address ("NCOA") database maintained by the U.S. Postal Service, in an attempt to identify current mailing addresses for individuals whose names are on the Settlement Class List.

5.2.3    Settlement Administrator shall perform any further investigations deemed appropriate by the Settlement Administrator, including using the National Change of Address ("NCOA") database maintained by the U.S. Postal Service, in an attempt to identify current mailing addresses for individuals whose names are on the Settlement Class List.

5.2.4    Because the Settlement Class List will be provided to the Settlement Administrator solely for purposes of providing the Class Notice and Settlement benefits and processing opt-out requests, the Settlement Administrator will ensure that any information provided to it by Settlement Class Members, Defendants' Counsel, or Inmediata, including the Settlement Class Members' Personal Information, will be secure and used solely for the purpose of effecting this Settlement. Before receiving the Class List the Settlement Administrator shall enter into a Business Associate Agreement with Inmediata that will provide, among other things, that the Settlement Administrator shall keep confidential data and information provided to it in the course of its work.

5.2.5    Within forty-five (45) days following entry of the Preliminary Approval Order, or at such other time or as may be ordered by the Court, the Settlement Administrator shall commence the emailing of the agreed-upon individual Summary Notice to Settlement Class Members via email for those Settlement Class Members for whom the Settlement Administrator is able to develop an email address using its best efforts, and shall have thirty (30) days to complete that process. Settlement Class Members may use the unique class member identifier contained in the notice to log onto the Settlement Website described in ¶ 5.2.7 and either download a Claim Form or submit the Claim Form online. Settlement Class Members may also request a written Claim Form from the Settlement Administrator. The Settlement Administrator shall use reasonable fraud-prevention mechanisms to prevent (i) submission of Claim Forms by persons other than potential Settlement Class Members, and (ii) submission of more than one

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

Claim Form per Person.  In the event a Claim Form is submitted without a unique class member identifier, the Settlement Administrator shall employ reasonable efforts to ensure that the Claim is valid.

     5.2.6   If an email sent to a Settlement Class Member bounces back (as opposed to being returned as undeliverable), the Settlement Administrator will make up to two (2) additional email attempts on days and times chosen by Settlement Administrator as reasonably likely to achieve delivery. If the email notice is bounced back on the third attempt, the email notice will be treated as undeliverable.

     5.2.7   For any Settlement Class Member for whom the Settlement Administrator has an email address, and who has not submitted a valid Claim Form, the Settlement Administrator shall transmit periodic email reminders of the opportunity to file a Claim Form prior to the Claims Deadline.

     5.2.8   As soon as practicable, but no later than thirty (30) days after the Court's entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Publication Notice (attached hereto as Exhibit C) to be published, pursuant to the Preliminary Approval Order. Before publication, the Settlement Administrator shall provide the Settling Parties with the opportunity to review and approve the Publication Notice plan, consistent with the Preliminary Approval Order.




     5.2.9   Prior to the dissemination of the Class Notice, the Settlement Administrator shall establish a dedicated Settlement Website and shall maintain and update the website throughout the Claims Period. The Settlement Website shall inform Settlement Class Members of the terms of this Agreement, their rights, applicable dates and deadlines, and related information. The Settlement Website shall include, and make available for download in .pdf format, the following: (i) the Long Form Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Agreement (including all of its Exhibits), (v) the operative Class Action Complaint filed in the Litigation; and (vi) any other materials agreed upon by the Settling Parties and/or required by the Court. The Settlement Website shall provide Settlement Class Members with the ability to (i) complete and submit the Claim Form electronically; and (ii) submit requests for exclusion or opt out electronically using the unique Settlement Class Member identifier referenced in ¶ 5.2.3. No later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator will cause proof of the establishment and maintenance of the Settlement Website and the telephone

4826-0598-8090.1

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

assistance program described in ¶ 5.2.9 and ¶ 5.2.11 to be filed with the Court.

5.2.10  The Summary Notice, Long Form Notice, and Claim Form approved by the Court may be adjusted by the Notice Specialist and/or Settlement Administrator, respectively, in consultation and agreement with the Settling Parties, as may be reasonable and not inconsistent with such approval.

5.2.11  Prior to the dissemination of the Class Notice, the Settlement Administrator shall establish a toll-free telephone number, supported by a reasonable number of live operators to promptly respond to Settlement Class Member inquiries, through which Settlement Class Members may obtain information about the Action and the Settlement, pursuant to the terms and conditions of this Agreement. The toll-free number will be staffed by the Settlement Administrator with bilingual operators who speak both English and Spanish, to assist in answering questions from Settlement Class Members. The toll-free number shall provide access to live-support, a voice response unit ("VRU"), or a combination of live-support and VRU. It shall also offer a Spanish language alternative number and VRU. Any scripts, FAQs, or other materials for such purpose shall be made available for review and comment by Class Counsel and Defendants' counsel prior to their use. Class Counsel and Defendants' counsel shall confer and assist the Settlement Administrator as it reasonably requests. At the end of every call, the live operators will inform the caller that if they have questions they can call Class Counsel, and will inform the caller of the toll-free number where Class Counsel can be reached. Any VRU message will end with the same message.




5.2.12  Within sixty (60) days after the Notice Date, the Settlement Administrator shall file with the Court proof of the emailing of the individual notices.

5.2.13  The Settlement Administrator will provide weekly reports to Class Counsel stating the number of notices sent to Settlement Class Members that have been returned as undeliverable. The Representative Plaintiffs and Class Counsel may engage the Settlement Administrator, at their sole cost, to locate Settlement Class Members whose notices were returned as undeliverable.

5.2.14  Prior to the Final Fairness Hearing, Class Counsel and Inmediata shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of notice. The Class Notice and Claim Form approved by the Court may be adjusted by the Notice Specialist and/or Settlement Administrator, respectively, in consultation

4826-0506-8090.1

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

and agreement with the Settling Parties, as may be reasonable and necessary and not inconsistent with such approval

      **5.2.15**   The Settlement Administrator shall terminate the Settlement Website ninety (90) days after (1) the later of the Effective Date or the end of the Claims Period, or (2) the date on which the settlement is terminated or otherwise not approved by the Court.

## VI.   OPT-OUT PROCEDURES.

      **6.1**     Each Person wishing to opt out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked by a date certain to be ordered by the Court in its Preliminary Approval Order, which date is no later than ninety (90) days after the Notice Date.



      **6.2**     All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 6.1 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 6.1 above shall be bound by the terms of this Settlement Agreement and Final Approval Order and Judgment entered thereon.



      **6.3**     Within seven (7) days after the Opt-Out Date, the Settlement Administrator shall furnish to Class Counsel and to Defendants' counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

      **6.4**     The Parties believe that this settlement is in the best interest of the Class Members and that few Class Members will elect to Opt-Out. In the unlikely event that three hundred or more Class Members timely Opt-Out, Inmediata shall have ten (10) business days after receipt of the Opt-Out List to elect, in Inmediata's sole discretion, to terminate this agreement and advise the Settlement Administrator and Plaintiffs' Class Counsel in writing of that election. Inmediata may elect to communicate this election by email or U.S. Mail or both.

## VII.   OBJECTION PROCEDURES.

      **7.1**     Each Settlement Class Member desiring to object to the Settlement Agreement or to the attorneys' fees, costs and expenses, shall submit a timely written notice of his or her objection. Such notice shall state: (i) the objector's full name, address, telephone number, and

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

email address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of settlement notice, copy of original notice of the Security Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing or assisting the objector, if any; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing, if any; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection, if any; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation), if any; (ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last three (3) years; (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any Person) has filed an objection to any proposed class action settlement within the last three (3) years; and (xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative. To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court by the date certain as ordered by the Court in the Preliminary Approval Order, which date shall be no later than ninety (90) days after the Notice Date, and served concurrently therewith upon Class Counsel and Defendants' counsel.





7.2     Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 7.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 7.1. Without limiting the foregoing, any challenge to the Settlement Agreement, the Final Approval Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

7.3     The Settling Parties shall file their responses to objections, if any, to the settlement no later than ten (10) days prior to the Final Fairness Hearing.

4826-0596-8090.1

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

7.4     Any Settlement Class Member who wishes to appear at the Final Fairness Hearing, whether pro se or through counsel, must, within the time set by the Court, (a) mail or hand-deliver to the Court a notice of appearance; (b) provide copies of any exhibits or other documents that the Settlement Class Member intends to present or use as evidence at the hearing; (c) provide a list of all witnesses that the Settlement Class Member intends to call to give evidence at the hearing; (d) take all other actions or make any additional submissions as may be ordered by the Court; and (e) mail or hand-deliver any notice and any such exhibits, lists, or other documents to Class Counsel and Counsel for Defendant as provided in the individual or publication notices such that receipt of same by Class Counsel and Counsel for Defendant has occurred no later than fourteen (14) days prior to the Final Fairness Hearing. Any Settlement Class Member who wishes to appear at the Final Fairness Hearing must provide dates at least seven (7) days in advance of the Final Fairness Hearing when the Settlement Class Member will be available for a deposition. Failure by an objector to make himself or herself available for a deposition may result in the Court striking the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or made for an improper purpose. Unless so permitted by the Federal Rules of Civil Procedure or the Court's local rules, no Settlement Class Member shall be permitted to raise matters at the Final Fairness Hearing that the Settlement Class Member could have raised in an objection, but failed to do. Any Settlement Class Member who fails to comply with this Agreement, the individual notice, and any other order by the Court shall be barred from appearing at the Final Fairness Hearing.

## VIII.   SERVICE AWARDS TO REPRESENTATIVE PLAINTIFFS; PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES, COSTS, AND EXPENSES.

8.1     Class Counsel may apply to the Court for service awards to be paid from the Qualified Settlement Fund of up to Two Thousand Dollars and No Cents ($2,000.00) each to Jessie Serrano and Jozef Mangual Serrano for their time, effort, and risk in connection with the Action. No amount has been guaranteed or promised to these individuals. If the Court allows service awards, each recipient shall provide to the Settlement Administrator a completed W-9 form within twenty (20) days after the Effective Date.

8.1.1     Within sixty (60) days after the Effective Date, the Settlement Administrator shall pay any service awards, as awarded by the Court, to an account established by Class Counsel. Class Counsel shall thereafter distribute the service awards to the to the individuals

4826-0596-8090.1

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A8D

identified in § 8.1.

8.1.2    Service Awards are not conditioned on support of the Settlement. The allowance or disallowance by the Court of an award of Service Payments will be considered and determined by the Court separately from the Court's consideration and determination of the fairness, reasonableness, and adequacy of the Settlement.

8.2    Class Counsel may submit a request to the Court for their attorneys' fees, reasonable costs, and expenses to be paid from the Qualified Settlement Fund. Inmediata reserves the right to object, appeal, or otherwise comment upon any such attorneys' fee and expense request. Class Counsel, in their sole discretion, shall allocate and distribute that amount of attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' Counsel.

8.3    Within ten (10) business days of the Effective Date, Inmediata shall deposit the amount of the Fee Award and Costs approved by the Court into the Qualified Settlement Fund. The Fee Award and Costs shall be promptly paid from the Qualified Settlement Fund to Class Counsel.



8.4    The amount(s) of any award of attorneys' fees, costs, and expenses, and the service awards to the plaintiffs, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or service awards ordered by the Court to Class Counsel or the Representative Plaintiffs shall affect whether the Final Approval Order and Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.



IX.    **FINAL APPROVAL.**

9.1    If the Court preliminarily approves the settlement, Class Counsel and Defendants' counsel shall request that the Court hold a hearing and grant final approval of the settlement set forth herein (the "Final Fairness Hearing") on a date after notice and opt-out procedures are substantially completed and, pursuant to 28 U.S.C. § 1715(b) & (d), no earlier than ninety (90) days after the Notice Date.

9.2    Representative Plaintiffs shall submit a motion for final approval of the settlement, including a memorandum in support of the motion, and shall seek entry of an order and final judgment, at least ten (10) days prior to the Final Fairness Hearing.

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

9.3     Such Final Approval Order shall specifically include provisions that: (a) the Court has personal jurisdiction over all Settlement Class Members, the Court has subject matter jurisdiction over the Claims asserted, and that venue is proper; (b) finally certify the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure; (c) finally approve the settlement pursuant to Rule 23 of the Federal Rules of Procedure; (d) find that the Class Notice as distributed was the best notice practicable under the circumstances and fully satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure; (e) approve the terms of distribution of cash to Settlement Class Members; (f) approve the method of enrolling Settlement Class Members in Web Watcher Services; (g) confirm that Representative Plaintiffs and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; (h) retain jurisdiction relating to the administration, consummation, validity, enforcement, and interpretation of this Agreement, the Final Approval Order and Judgment, any final order approving the Fee and Expense Award and service awards, and for any other necessary purpose; and (i) enter a judgment that dismisses the action with prejudice, without costs to any party, except as provided in the Agreement, and subject to the Court's continuing jurisdiction over the Settling Parties for the purpose of enforcement of the terms of the Settlement Agreement.





9.4     The Settling Parties shall recommend that the Final Fairness Hearing be scheduled for a date at least ninety (90) days after the date of commencement of notice to Settlement Class Members, but in no event earlier than thirty (30) days after CAFA Notice is served.

9.5     At the Final Fairness Hearing, Representative Plaintiffs and Class Counsel shall make a good faith effort to present sufficient evidence to support the entry of the Final Approval Order and Judgment, and shall present such evidence as they deem appropriate to support any award of attorneys' fees and costs. Settlement Class Members who do not Opt-Out of the Settlement may appear and address the Court at the Final Fairness Hearing.

X.     RELEASE.

10.1     Upon the Effective Date, each Settlement Class Member, including the Representative Plaintiffs, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, and

4826-0596-8090.1

27

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

discharged all Released Claims against all Released Persons, as defined in ¶¶ 1.30-1.31. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including the Representative Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, assisting, joining in, or participating in any other suit alleging claims within the scope of the Released Claims, or participating in recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any Released Claim(s) is/are asserted.

## XI.   CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION.

11.1    The Effective Date of the settlement shall be the date on which the last of the following events occurs:

(a)    the Court has entered the Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing, as required by ¶ 9.1;



(b)    Inmediata has not exercised its option to terminate the Settlement Agreement and the time for Inmediata to do so has elapsed;

(c)    the Court has entered the Final Approval Order and Judgment granting final approval to the settlement as set forth herein; and

(d)    the Final Approval Order and Judgment has become Final, as defined in ¶ 1.12.

11.2    If all of the conditions specified in ¶ 11.1 hereof are not satisfied, the Settlement Agreement shall be cancelled and terminated subject to ¶ 11.3 unless Class Counsel and Defendants' counsel mutually agree in writing to proceed with the Settlement Agreement.

11.3    In the event that the Settlement Agreement is not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (a) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (b) the terms and provisions of the Settlement Agreement and statements made in connection with seeking approval of the Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement

4826-0596-5090.1

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or incentive awards shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, Inmediata shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class and Settlement Administration and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

## XII.   PAYMENT INTO THE SETTLEMENT FUND

**12.1**   Inmediata shall pay to the Settlement Administrator to be held and administered as the Settlement Fund pursuant to this agreement:

(1)   the Administration Expenses to be paid pursuant to this Settlement Agreement;

(2)   the cost of Kroll's Web Watcher services to be paid for Settlement Class Members who enroll pursuant to this Settlement Agreement;

(3)   the total amount of all approved claims to be paid pursuant to this Settlement Agreement;



(4)   the Incentive Awards approved by the Court to be paid to the Representative Plaintiffs; and

(5)   Attorneys fees and costs approved by the Court to be paid to Class Counsel.



**12.2**   As soon as reasonably practical the Settlement Administrator will communicate to Class Counsel, Inmediata and Defense Counsel, in writing:

(1)   the Administration Expenses to be paid pursuant to this Settlement Agreement;

(2)   the cost of Kroll's Web Watcher services to be paid for Settlement Class Members who enroll pursuant to this Settlement Agreement;

(3)   the total amount of all approved claims to be paid pursuant to this Settlement Agreement.

**12.3**   The payment referred to in paragraph 12.1 for the Administration Expenses to be paid pursuant to this Settlement Agreement; the cost of Kroll's Web Watcher services to be paid for Settlement Class Members who enroll pursuant to this Settlement Agreement; and the total amount of all approved claims to be paid pursuant to this Settlement Agreement; will be made within thirty (30) days of the later of:

4826-0596-8090.1

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

(1) the Effective Date or

(2) receipt from the Settlement Administrator of a statement in writing communicating to Inmediata and Defense Counsel the Administration expenses to be paid pursuant to this Settlement Agreement; the cost of Kroll's Web Watcher services to be paid for Settlement Class Members who enroll pursuant to this Settlement Agreement; and the total amount of all approved claims for Settlement Class Members pursuant to this Settlement Agreement.

12.4   The payment referred to in paragraph 12.1 for the Court approved Incentive Awards to be paid to the Representative Plaintiffs and the Court approved amounts to be paid to Class Counsel as attorneys fees and costs will be paid within thirty (30) days of the later of:

(1) the Effective Date or

(2) an Order issued by the Court approving the payment of Incentive Awards to the Representative Plaintiffs and Attorneys' fees and costs to be paid to Class Counsel.

## XIII.   MISCELLANEOUS PROVISIONS.

13.1   The Settling Parties (i) acknowledge that it is their intent to consummate this Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.




13.2   The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

13.3   Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the

4826-0596-8690.1

30

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Persons may file the Settlement Agreement and/or the Final Approval Order and Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.4    The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Settling Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all Exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.




13.5    The Settlement Agreement, together with the Exhibits attached hereto, constitutes the entire agreement among the parties hereto, and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement other than the representations, warranties and covenants contained and memorialized in such document. Except as otherwise provided herein, each party shall bear its own costs. This Agreement supersedes all previous agreements made by the Settling Parties.

13.6    Class Counsel, on behalf of the Settlement Class, is expressly authorized by the Representative Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

13.7    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

13.8    The Settlement Agreement may be executed in one or more counterparts. All

4826-0596-8090.1

31

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

13.9    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

13.10   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

13.11   The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in Puerto Rico, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the Puerto Rico without giving effect to choice of law principles.

13.12   As used herein, "he" means "he, she, they, or it;" "his" means "his, hers, theirs, or its," and "him" means "him, her, their, or it."

13.13   All dollar amounts are in United States dollars ("USD").

13.14   Cashing a settlement check is a condition precedent to any Settlement Class Member's right to receive settlement benefits. All settlement checks shall be void one hundred twenty (120) days after issuance and shall bear the language: "This check must be cashed within one hundred twenty (120) days, after which time it is void." If a check becomes void, the Settlement Class Member shall have until two hundred seventy (270) days after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and Inmediata shall have no obligation to make payments to the Settlement Class Member for expense reimbursement under ¶ 3.2–3.3 or any other type of monetary relief. The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks become void.

IN WITNESS WHEREOF, the parties knowingly and voluntarily executed this Settlement Agreement and Release as of the date set forth below.



4826-0596-8090.1

32

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

APPROVED AS TO FORM AND CONTENT:

Date: _Feb 25_ , 2021                    JESSIE SERRANO, on behalf of herself and

all others similarly situated

By: _____

JESSIE SERRANO, *Plaintiff*

Date: _March 2_ , 2021                   INMEDIATA CORP.

By: _____

Name:

Position:

For INMEDIATA CORP.

Date: _March 2_ , 2021                   INMEDIATA HEALTH GROUP CORP.

By: _____

Name:

Position:

For INMEDIATA HEALTH GROUP CORP.

Date: __February 26__ , 2021             WILSHIRE LAW FIRM

By: _____

BOBBY SAADIAN

JUSTIN F. MARQUEZ

THIAGO COELHO

ROBERT J. DART

*Attorneys for Plaintiffs*

4826-0596-8090.1

33

DocuSign Envelope ID: 2EF1197D-CF6B-4134-9A07-72A19FEA6A6D

Date   February 26    , 2021                    INDIANO & WILLIAMS, P.S.C.

                                                By:  David C. Indiano
                                                     └─69DFFDEL3DFB458─┘
                                                DAVID C. INDIANO

                                                JEFFREY C. WILLIAMS

                                                *Attorneys for Plaintiffs*


Date:  _____ , 2021                     LEWIS BRISBOIS BISGAARD & SMITH
                                                LLP

                                                By:  _____

                                                JON KARDASSAKIS

                                                *Attorneys for Defendants*

4826-0596-8090.1

34