RECEIVED AND FILED
CLERK'S OFFICE USDC PR

OSJ '22 ABR 21 PM 1:26

UNITED STATES DISTRICT COURT

DISTRICT OF PUERTO RICO

| | |
|---|---|
| JESSIE SERRANO, on her own behalf and on behalf of JOZEF MANGUAL SERRANO, a minor, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INMEDIATA CORP., a Delaware corporation, INMEDIATA HEALTH GROUP CORP., a Puerto Rico corporation, and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 3:19-cv-01811-JAG<br><br>*Honorable Judge Jay A. Garcia-Gregory*<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Complaint filed: August 28, 2019 |

**IT IS HEREBY ORDERED THAT** Plaintiffs' Motion for Final Approval of Class Action Settlement and Conditional Certification of Settlement Classes is **GRANTED** in its entirety.

1. For the purposes of this Final Order and Judgment ("Judgment"), the Court adopts all defined terms as set forth in Notice of Settlement, filed as Dkt. No. 35 in this action.

2. The Court has jurisdiction over all claims asserted in the Action, Plaintiff, the Class members, the Defendants Inmediata Corp. and Inmediata Health Group, Corp. (collectively, "Inmediata" or "Defendant")

3. The Court finds that the Settlement was made and entered into in good faith, and hereby approves the Settlement as fair, adequate and reasonable to all Class Members. No objections to the Settlement were received. Any Class Members who have not timely and validly requested exclusion from the Class are thus bound by this Judgment.

### Class Certification is Granted for Settlement Purposes Only

4. The Court finds, for the purposes of the settlement only, that the Settlement Class meets the requirements for certification under the Federal Rules of Civil Procedure, Rule 23, in that: (1) the Settlement Class is so numerous that joinder is impracticable; (2)

there are questions of law and fact that are common to the Class which predominate over individual issues; (3) Plaintiffs' claims are typical of the claims of the Settlement Class; (4) Plaintiffs and their counsel will fairly and adequately protect the interests of the Class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of this action.

5. For the purposes of the Settlement, the Court hereby certifies the following Class: "All persons in the United States whose Personal Information was potentially compromised as a result of the Security Incident discovered by Inmediata Corp. and/or Inmediata Health Group Corp. in January 2019." Excluded from this class are "(1) the Judge presiding over the Action, and members of his family; (2) Inmediata, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; (3) Persons who properly execute and submit a request for exclusion prior to the expiration of the Opt-Out period; (4) Persons who, as of the date the Court enters an Order granting Preliminary Approval of the settlement, have brought on their own behalf suit filed in their own name (either in *pro per* or through counsel) and have pending any lawsuits, arbitrations or administrative claims against Defendant; and (5) the successors or assigns of any such excluded Persons."

6. Plaintiff Jessie Serrano, on her own behalf and on behalf of Jozef Mangual Serrano, a minor, is appointed as class representative for purposes of this settlement.

7. Wilshire Law Firm, PLC and Indiano & Williams, P.S.C. are appointed as Class Counsel for purposes of this settlement.

### Class Notice Was Adequate and Proper

8. Notice to the Settlement Class Members, as set forth in the Notice of Settlement, has been completed in conformity with the terms of the Settlement and Preliminary Approval Order as to all Class Members who could be identified with reasonable effort. The Court finds that said notice was the best notice practicable under the

circumstances. *Hill v. Street Corp.*, No. CIV.A. 09-12146-GAO, 2015 WL 127728 at *1 (D. Mass., Jan. 8, 2015)(*citing Silber v. Mabon,* 18 F.3d 1449, 1454 (9th Cir. 1994). The efforts of Class Counsel and the Claims Administrator to locate as many Class Members as possible to provide them with notice met the best practicable standard. The Notices, as approved by this Court in its Preliminary Approval Order, provided due and adequate notice to Settlement Class Members of the proceedings and of the matters set forth therein, including the Settlement, and the manner by which objections to the Settlement could be made and Class Members could opt out of the Settlement. The notice program fully satisfied the requirements of due process.

9. Zero (0) objections to the Settlement were submitted by any Settlement Class Members.

10. Four (4) requests for exclusion were submitted by Settlement Class Members.

### The Requested Service Awards to Plaintiffs are Granted

11. Plaintiffs Jessie Serrano and Jozef Mangual Serrano shall be paid a Service Award in the amount of $2,000 each from the Settlement Fund in accordance with the terms of the Settlement. The Court finds this amount to be fair, reasonable and sufficiently supported by Plaintiffs' risks undertaken and active participation in this action.

The Court hereby enters judgment for Plaintiff and the Class Members in accordance with the terms of the Settlement, and this order is a final and appealable order.

**IT IS SO ORDERED.**

Date: April, 21, 2022

_____
Jay A. Garcia-Gregory
United States District Judge